O. B. LARSON ET AL.

v.

C. R. JOHNSON.

*Sales—Grain Left with Warehouseman—Judgments—Interests—Practice.*

1. Whether or not certain grain delivered under a contract of sale was of a stated quality, is a question of fact for the jury in view of the evidence in the case.

2. Upon a contention by a warehouseman that certain grain was received in store, it is improper to receive, in his behalf, evidence going to show his custom with reference to grain left in his warehouse, it not being shown that the party leaving it knew of such custom.

3. The intention of the parties where grain is left with a warehouseman is also a question of fact for the jury.

4. In case of unreasonable and vexatious delay in payment of an amount found due a given party, interest may be allowed thereon from the date the same was due and payable.

5. The question that the judgment in a given case was excessive, can not be primarily raised herein.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Kendall County; the Hon. C. W. UPTON, Judge, presiding.

Messrs. Hopkins, Aldrich & Thatcher, and George M. Hollenback, for appellants.

Messrs. Fowler Brothers, for appellee.

Lacey, P. J.   This suit was brought by appellee against appellants to recover for an alleged contract price of fifty and one half cents per bushel for 608 bushels corn delivered by him to appellant prior to 3d October, 1888, and one wagon load of rye.   It appears from the evidence that in May, 1888, the appellee sold, and appellants bought of him, 3,000 bushels corn at fifty and one-half cents per bushel, about 400 bushels to be delivered in May, and the balance during the summer and fall, according to appellee's testimony, and during the summer, according to appellants'.   The appellee did not comply with the exact terms of the contract in delivering any of the corn, but delivered the 400 bushels in July and August, and the 608 bushels afterward, and until 2d October, when the last wagon load was delivered.

The appellants admit that they extended the time for the delivery of the corn during the month of September, and it appears from the evidence that no objection was made to receiving the corn on the contract on account of the time of delivery until the 22d of October, when appellants refused to receive any more of the 3,000 bushels contracted for, on the grounds that the time had expired in which it was to be delivered by its terms.

The main controversy in the case before the jury was as to the quality of the corn delivered during the existence of the contract, that is, as to the 608 bushels.

It was contended by appellants that it was not No. 2, the kind of corn that was to be delivered.   This, however, was a question of fact for the jury, which, according to a special verdict, found that the corn delivered was No. 2 corn.   We think, under the evidence, the jury was justified in so finding on that issue, and that such finding ought to stand.

It appears that the price of corn had declined in the market from fifty and one-half cents, the contract price, to thirty-

eight cents per bushel, and that while appellee was anxious to deliver the corn under the contract, the appellants were not so anxious to receive it, and while the time of delivery was made uncertain by the action of the parties in treating it as binding, by acting under it after the time for delivery, according to its strict terms, had expired, the appellants thought proper to put an end to it on the 22d of October, 1888, in which the appellee acquiesced, and from that time the contract, by mutual consent, was abandoned. We see no good reason for holding that the jury was not fully justified in holding the appellants liable to pay for the 608 bushels of corn at the contract price, inasmuch as it found it to be No. 2 corn, and appellee's given instructions on this point we do not regard as misleading, nor the modification of appellants' instructions as injurious; for their violation of the contract as to delivering the entire amount of corn to be delivered we regard as waived by appellants. The question as to the quality of the corn was the only legitimate controversy. As to the rye delivered, we think the jury were justified in finding it was received on sale, and the appellee would then be entitled to receive what it was reasonably worth. What price the jury fixed on it we can not tell. As to the rye, the appellants contended that it was received in store, and offered to show their custom in reference to leaving grain in the warehouse, which was ruled out by the court, to which ruling an exception was taken.

We think there was no error in this. There was no offer to show that appellee knew anything about such a custom; and the circumstances of the case showed no intention on either side to store the rye. Before hauling the rye appellee inquired of appellants the price they were paying for rye, and he was told forty-five cents per bushel for No. 2 rye. Then one load was hauled and appellants took the rye and spread it on the floor and claimed at the trial that it was damp and damaged, but so far as the evidence shows they made no complaint at the time of delivery that the rye was not No. 2. Under such circumstances the law would hold it to be a sale of the rye, if not as No. 2, at least for what it was reasonably

Larson v. Johnson.

worth, and it was a fair question for the jury whether appellants, by not objecting to the grade, did not accept it as No. 2.

The question of the intention of the parties as to the delivery of the rye was to be determined by the jury, but there was no evidence, even if it was appellants' custom to take grain in store, from which the jury could have inferred a storage of the rye.

The appellants claim that the judgment is excessive. It would in fact appear to be so unless interest be allowed. The appellants' abstract fails to set out the reasons assigned in the court below, by appellants, in their motion for a new trial, and we can not say whether any such reason was assigned as to raise such a question, and if not raised there it can not be here, and without knowing what such reasons were we can not tell whether the question is properly raised here or not. The presumptions are in favor of the action of the court below. Then, again, there are no instructions on the question of interest, but nevertheless the jury may have allowed it if the evidence in any manner justified it. If there was unreasonable and vexatious delay on the part of appellants in the non-payment of the amount found due appellee, the jury would be justified under our statute in giving interest on the amount from the date of the delivery of the corn and rye.

One year and seven months have elapsed since appellee was entitled to his money, and the jury may have regarded this delay as unreasonable, and under the circumstances vexatious.

Seeing no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*